632     APPELLATE COURTS OF ILLINOIS.

The Empire State Surety Co. v. Schillinger Bros., 167 Ill. App. 632.

# The Empire State Surety Company, Plaintiff in Error, v. Schillinger Bros., Defendant in Error.

## Gen. No. 16,319.

1. INSTRUCTIONS—*submitting questions of law.* The court should not give instructions to the jury which permit the jury to construe a contract and pass upon questions of law.

2. PAROL EVIDENCE—*negotiations antecedent to contract.* It is improper for the court to admit parol evidence as to what occurred at or before the time a bond was executed.

3. MUNICIPAL COURT—*when judgment of, not reversed.* A judgment of the municipal court will not be reversed if substantial justice has been done.

4. BONDS—*when do not go into effect.* If, for any reason, an obligee in a bond refuses to accept it, the bond does not become operative and no liability on the part of the maker thereunder arises.

5. BONDS—*when premiums cannot be recovered.* If a bond has never gone into effect premiums accruing under the contract therefor cannot be recovered merely because the bond was never returned or because statements claiming such premiums were sent by the obligor and if received were not objected to.

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

STEIN, MAYER & STEIN, for plaintiff in error; HARRY M. ROSENBLUM, of counsel.

MCCASKILL & SON, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This was an action of the fourth class, brought on June 8, 1909, in the Municipal Court of Chicago, by the Empire State Surety Company, plaintiff in error, against Schillinger Bros., a corporation, defendant in error, to recover the sum of $420 for premiums alleged to be due for three years beginning July 14th, 1906, upon a bond issued by the plaintiff in error. There was a jury trial which resulted in a verdict in favor of the defendant in error, upon which the court entered judgment.

It appears that in the spring of 1905, Schillinger Bros. entered into a contract to construct a grain elevator at Cedar Rapids, Iowa, for the Bosch-Ryan Grain Co. The contract was executed April 25, 1905, and Schillinger Bros. at once entered upon the performance of the work. Subsequently, and on the 14th of July, 1905, Schillinger Bros. applied to the Surety Co. to issue a bond for $25,000, which should guarantee to the Bosch-Ryan Grain Co. the faithful performance of the work to be done by Schillinger Bros. under the contract. The bond, which was duly executed by the Surety Company, was based upon a written application made by Schillinger Bros., and both application and bond were dated July 14, 1905. The application requested a contract bond in the sum of $25,000, running to the Bosch-Ryan Grain Co., of Cedar Rapids, Iowa, and in such form as should be satisfactory to Schillinger Bros. and the obligee, the Bosch-Ryan Grain Co. A copy of the contract between Schillinger Bros. and the Bosch-Ryan Grain Co. was attached to the bond when issued. By the

634        APPELLATE COURTS OF ILLINOIS.

The Empire State Surety Co. v. Schillinger Bros., 167 Ill. App. 632.

application, Schillinger Bros. agreed to "pay $140 premium for this bond for the first year, in advance, and the same amount annually thereafter, in advance, so long as the bond was continued in force." There was a further provision in the application to the effect that, under certain conditions, Schillinger Bros. were to pay premiums at a given rate upon the bond "for every year the Company's liability thereunder shall remain in force, until the Company shall have been fully discharged and released from any and all liability upon said bond," and the Surety Company contended that since Schillinger Bros. had never returned the bond to it, nor secured from the Bosch-Ryan Grain Company a written discharge or release from all liability upon the bond, Schillinger Bros. owed the several years' premiums sued for.

It is conceded that on December 14, 1905, Schillinger Bros. paid the first premium on the bond, which, according to the application, should have been paid on July 14, 1905, and also that the bond was never returned to the Surety Company for cancellation, nor was there ever furnished to it any releases or waivers by the Bosch-Ryan Grain Co. It appears that on the 19th of March, 1909, the Surety Company made and mailed to Schillinger Bros. a bill of premiums upon the bond for three several years, beginning July 14, 1906, amounting to $420, the bill on its face purporting to be for "premium on contract bond No. 988, Chi., in favor of Bosch-Ryan Grain Co., Cedar Rapids, Iowa." On the 22nd of the same month, Schillinger Bros. replied, refusing to pay the bill, stating that the bond had never been accepted by the Bosch-Ryan Grain Co., obligee.

The court below, over objection, admitted testimony to the effect that, at the time the application was signed, a representative of Schillinger Bros. told the agent of the Surety Company that the bond would

have to be satisfactory to the Bosch-Ryan Grain Co. before it would be paid for.

Plaintiff in error contends here that the court below erred in admitting the testimony above referred to; also in admitting parol evidence to show the nature of the proceedings and the issues involved in a suit brought in Iowa by Schillinger Bros. against the Bosch-Ryan Grain Co.; also in its instructions to the jury, which, it is claimed, permitted them to construe the contract sued upon, and required them to determine questions of law; also in giving an instruction which left the jury to determine whether or not the contract sued upon was in full force and effect, and whether or not notice, said to be required by the contract to discharge the defendant in error from liability for premiums, was as a matter of fact, given to the Surety Company.

In the view we take of the relations between the parties disclosed by this record, extended discussion of the propositions above stated becomes unnecessary. While the court below undoubtedly erred in giving instructions permitting the jury to construe the contract and pass upon questions of law, and also erred in admitting certain parol testimony as to what occurred at or before the time the bond was executed, we do not think such errors justify a reversal. If it remains clear that, in the judgment complained of, substantial justice has been done, and the correct aggregate result has been reached, it is not the duty of this court to reverse, even though the court below committed error. Robertson v. Moir, 88 Ill. App. 355, 357; Heckel v. Crewe, 125 Ill. 58; Eagle Packet Co. v. Defries, 94 Ill. 598.

An inspection of the application and bond makes it clear that the Bosch-Ryan Grain Co. was the obligee in the bond, which was issued for its benefit. If, for any reason, an obligee in a bond refuses to accept it, the bond does not become operative and no

liability on the part of the maker thereunder arises. In their application, Schillinger Bros. agreed to pay as premium for the bond ''$140 for the first year, in advance, and the same amount annually thereafter, in advance, *so long as the bond shall continue in force.''* The uncontradicted evidence shows that shortly after the bond was issued and delivered to Schillinger Bros., they tendered it on several occasions to the Bosch-Ryan Grain Co., and upon each occasion the Bosch-Ryan Grain Co. refused to accept it, and never did accept it. It is too clear to require argument or citation of authorities that by the continued refusal of the Bosch-Ryan Grain Co., for whose benefit the bond was executed, the bond in question had no validity, and the Surety Company never became liable thereon.

It appears that sometime after the bond was executed, Schillinger Bros. brought suit in Iowa against the Bosch-Ryan Grain Co., to recover payments alleged to be due to it for work already performed, and that the original bond in question became a part of the files in that suit as an exhibit or otherwise, and being thus a part of the files, Schillinger Bros. could not return it to the Surety Company. The mere fact that it was not returned to the Surety Company did not make Schillinger Bros. liable for the premium thereon, if, as a matter of fact, the bond was not *''in force.''* The provision in the application, which plaintiff in error seems to regard as important and creating a liability upon Schillinger Bros. to pay the premiums until the Surety Company shall be furnished at its principal offices in New York satisfactory proof of the discharge or release of its liability thereon, is not operative, because the application expressly provided that these clauses should be in force only ''if premiums are not so stated, or not otherwise agreed on,'' whereas in the application they were specifically stated and agreed upon.

The Surety Company offered testimony tending to show that it had mailed statements of its claims to Schillinger Bros., while they, in turn, deny having received any such statements; however, the liability of Schillinger Bros. is not determined in favor of either party by settling the controversy as to whether these notices were in fact sent or received; nor would Schillinger Bros. be liable for the mere failure to return to the Surety Company the bond in question. Schillinger Bros. did pay one year's premium, and, while that fact no doubt shows acceptance of the bond so far as Schillinger Bros. was concerned, the proof leaves no reasonable doubt that the Bosch-Ryan Grain Co. did not accept it.

We agree with the contention of plaintiff in error that the court below erred in admitting parol evidence to show details of the litigation between Schillinger Bros. and the Bosch-Ryan Grain Co., but such error was not prejudicial. Schillinger Bros. was endeavoring, as it had a right to do, to account for the nonproduction of the bond in this litigation, and it was entitled to show, if such was the fact, that the Bosch-Ryan Grain Co. on several occasions definitely refused to accept the bond, and at no time took any different position in relation thereto.

Finding, as we do from the evidence, that the Surety Company never became liable to the Bosch-Ryan Grain Co., obligee in the bond, we think the result reached in the court below was correct, and its judgment will, therefore, be affirmed.

*Judgment affirmed.*