Kotite et al. v. The Title Guaranty & Surety Co., 191 Ill. App. 555.

## Taufick N. Kotite and Naman S. Farhood, trading as Kotite & Farhood, Defendants in Error, v. The Title Guaranty & Surety Company, Plaintiff in Error.

## Gen. No. 20,515.

1. APPEAL AND ERROR, § 1870*—*ineffectiveness of delivery of property to execution debtor to release surety on stay bond.* Where under the Municipal Court Act, sec. 23, par. 1 (J. & A. ¶ 3335), a judgment debtor files a stay of execution bond, conditioned for the prosecution of a writ of error with effect, and to pay the amount of the judgment, costs, interest and damages rendered and to be rendered in case of affirmance, *held* that the fact that the bailiff on the filing of the bond delivered property levied upon to the execution defendant did not release the surety.

2. APPEAL AND ERROR, § 1859*—*when surety is estopped to deny binding effect of stay bond.* In an action upon a stay bond used by a judgment debtor to procure a review in the Appellate Court of a judgment against him, the principal and his surety are estopped from denying the binding character of the obligation.

3. APPEAL AND ERROR, § 1852*—*sufficiency of consideration for stay bond.* A stay bond on an execution given to secure the review of a judgment in a higher court is supported by a sufficient legal consideration, the execution of the bond not being contrary to statute or the policy of the law.

4. APPEAL AND ERROR, § 1850*—*when validity of statute cannot be raised.* Where a stay bond is given under the Municipal Court Act, sec. 23, par. 1, (J. & A. ¶ 3335), to review a judgment by a judgment debtor in an action on a bond, the surety cannot raise the question of the unconstitutionality of the statute.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when judgment may be entered on striking affidavit of defense.* Where an affidavit of merits filed in the Municipal Court fails to state a good defense to an action, the proper procedure is to strike the affidavit from the record and to enter judgment on the plaintiff's affidavit of claim as in case of default.

6. COSTS, § 8*—*when damages permissible for prosecution of writ of error for delay.* Where a writ of error is prosecuted for delay, the Appellate Court may affirm the judgment with an assessment of damages and costs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in this court at the October term, 1914. Affirmed with damages and costs. Opinion filed March 8, 1915.

George D. Kimball, for plaintiff in error; Francis E. Hinckley, of counsel.

Harry J. Myerson and Don C. Wray, for defendants in error.

Mr. Justice Baker delivered the opinion of the court.

Plaintiffs Kotite and Farhood recovered a judgment in the Municipal Court against one Gazelle for $297.55 and costs April 11, 1912. Gazelle then gave a stay bond with the defendant as surety in the penal sum of $500, conditioned that if Gazelle "shall duly prosecute said writ of error with effect, and moreover pay the amount of the judgment, costs, interest and damages rendered, and to be rendered, against him in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue." The judgment against Gazelle was affirmed by this court February 2, 1914. This action was then brought against plaintiff in error, the surety in the bond, and plaintiff had judgment for $342.30. The only ground of reversal argued in the brief of plaintiff in error is that the surety was released from the obligation because the bailiff, on the filing of the stay bond, delivered possession of the property levied on to the defendant in the execution. We think it was the duty of the bailiff to return the property to the judgment debtor when the stay bond was given. Paragraph 1 of section 23 of the Municipal Court Act (J. & A. ¶ 3335) provides that a party who may desire to obtain a review of a judgment and also desires a stay of execution may obtain a stay of execution for ninety days by the giving of a bond with surety conditional for the prosecution of such writ of error, and otherwise as near as may be as an appeal

bond in case of an appeal from a judgment of a Circuit Court.

The judgment debtor used the bond here sued on to procure a review by this court of the judgment against him, and the surety by joining in the bond enabled him to do so, and having obtained all the benefit of the bond, they should be estopped from denying that it is a binding obligation.

*Mix v. People*, 86 Ill. 329, where it was said:

"The bond was voluntarily executed. It was executed in consideration of the appeal, and the effect of the appeal was to stay proceedings on the judgment. This was a sufficient legal consideration; and, since the execution of the bond was neither prohibited by statute nor is contrary to the policy of the law, it is a good common law obligation. As we said in *Courson v. Browning*, 78 Ill. 210, Mix 'used this appeal bond to procure a trial in this court, and his security enabled him to do so by joining in its execution; and, having obtained all the benefits of the bond, they should be estopped from denying that it is a binding obligation, unless it contravenes some statute or some rule of public policy, neither of which was done by the execution of this bond.'"

See also *Meserve v. Clark*, 115 Ill. 580; *Daniels v. Tearney*, 102 U. S. 415.

The case is not one where the plaintiff in the execution releases property levied on. Admitting that the law providing for the giving of a stay bond is unconstitutional, the plaintiff in error cannot aver its unconstitutionality as a defense. *Mix v. People* and *Daniels v. Tearney, supra.*

Our conclusion is that the amended affidavit of defense fails to show a defense to the action and was properly stricken from the record and judgment entered on plaintiff's affidavit of claim as in case of default. We further think that this writ of error is prosecuted for delay.

The judgment is affirmed with $22 damages and costs.

*Affirmed with damages and costs.*