George W. Farley, Appellee, v. James H. Lanham and Maude G. Lanham, Appellants.

Gen. No. 8,384.

Opinion filed April 22, 1930. Rehearing denied May 31, 1930.

STONE, McLAREN & WEBB, for appellants.

MICHAEL ECKSTEIN and JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This was a suit brought by appellee George W. Farley against James H. Lanham, Maude G. Lanham and Frank Lanham as administrator of the estate of James E. Lanham, deceased, in an action of debt on an appeal bond for $6,000, executed July 9, A. D. 1927, by James H. Lanham, Maude G. Lanham and James E. Lanham, since deceased, in accordance with the order and decree of the circuit court of Sangamon county, Illinois, entered on or about June 22, A. D. 1927, in a suit for specific performance entitled George W. Farley, complainant, v. James H. Lanham, J. E. Lanham, et al.

The circuit court by its decree found, among other things, that James H. Lanham was indebted on an accounting to George W. Farley in the sum of $3,052.20 for rents collected by him on certain real estate that said Lanham had agreed to convey to George W. Farley, in accordance with the contracts in issue, after allowing all credits, deductions and set-offs. The circuit court also found that James H. Lanham should pay to George W. Farley the further sum of $750, with interest thereon from January 1, 1919, at the rate of 5 per cent per annum. The court also found by its decree that George W. Farley should convey to James H. Lanham 15 acres of land in Saline county, Illinois, within 20 days from the rendition of said decree, and upon his failure to do so he should give credit to the said James H. Lanham in the sum of $780 upon said decree. The court found that the said James H. Lanham had been in continuous possession of said 15 acres of land from January 1, 1919, and was in possession of the same at the time of the rendition of the decree.

The said bill for specific performance was appealed to this court and affirmed in volume 250, page 666, certiorari on the same being denied by the Supreme Court.

Upon failure of said James H. Lanham to comply with the decree this suit was brought against him and the bondsmen. A trial was had upon the issues joined and the court directed the jury to return a verdict in favor of the appellee and against the appellants in the sum of $6,000 in debt and for the sum of $4,745 in damages with costs, to the entry of which judgment appellants James H. Lanham and Maude G. Lanham excepted and prayed an appeal to this court, which appeal was allowed upon proper security being given.

The witnesses for appellee testified in the circuit court that appellants did not pay to appellee the amount provided by the decree. This testimony was

uncontradicted. Appellants contend that their failure to pay, as provided in the bond, is due to the fact that the deed offered in court within 20 days, as provided in the decree, covering said 15 acres of land, is not a good and sufficient deed, and a credit of $780 should be allowed upon the decree. The appellants further contend that since the appeal bond was given in the penal sum of $3,052.20 and did not mention the sum of $750 and interest on the same at 5 per cent per annum from January 1, 1919, therefore, the judgment upon the bond should be for the sum of $3,052.20 only, and interest on the same from the time the decree was entered. The plaintiff introduced in evidence the deed heretofore filed on or about July 8, 1927, which was tendered in court at that time to the attorney of appellants, who refused it without saying any reasons for so doing. The court allowed this deed to be introduced in evidence and held it was a good and sufficient deed and in compliance with the decree.

The uncontradicted testimony shows that appellant James H. Lanham had possession of said 15 acres of land from January 1, 1919, and obtained all the benefits as the owner thereof; that said land was sold for taxes and appellee, George W. Farley, obtained a quitclaim deed from the owner of the tax title of said 15 acres and thereafter made the deed to appellant James H. Lanham, in compliance with the decree and within the time as provided in the same. The evidence further shows that the abstract to said 15 acres of land was in the possession of appellant James H. Lanham in addition to his having complete ownership of said land. The evidence shows that the bond which appellants signed was prepared by their attorney, Mr. L. E. Stone; that neither the appellee nor his representatives were present, or knew of the existence of the bond until after the matter was appealed to the Appellate Court. It is further shown that the bond was

given to the end that said appellants pay the amount of the judgment, costs, interest and damages rendered and to be rendered against James H. Lanham. No evidence was offered by appellants covering the issues involved in the case. The evidence shows the amount of damages under the bond to be $4,745, which was not paid.

The appeal bond in the case upon which suit has been brought provided that: "Appellants should duly prosecute said appeal and pay the plaintiff the amount of the judgment and all interest thereon, and all such costs and damages as should by said Appellate Court be awarded plaintiff in case the said decree should be affirmed."

The provisions of the bond follow the statute and the judgment of the circuit court of Sangamon county follows exactly the decree as affirmed in this court and the proper award following that affirmance. An appeal bond not in the exact form prescribed by the statute will nevertheless be obligatory on those executing it as a voluntary bond. *George v. Bischoff,* 68 Ill. 236, 237; *Mix v. People,* 86 Ill. 329.

Appellants themselves formulated the bond in question voluntarily, and it may be, either accidentally or intentionally, that they omitted to recite a part of the judgment in the bond, nevertheless it has been held that where, on the filing of an appeal bond, appellant has received and accepted all the benefits of his appeal and the supersedeas, his sureties are estopped to set up misrecital of the judgment, as extinguishing or limiting their liabilities. (4 Corpus Juris, 1254; *Dye v. Dye,* 12 Colo. App. 206; *Kotite v. Title Guaranty & Surety Co.,* 191 Ill. App. 555.)

The judgment is correct and represents the amount the appellants should pay and the judgment of the circuit court of Sangamon county is affirmed.

*Affirmed.*