LLOYDS CASUALTY INSURER V. BOYCE F. FARRAR ET AL.

No. 8080.  Decided July 21, 1943.
Rehearing overruled October 20, 1943.
(174 S. W., 2d Series, 302.)

Chief Justice Alexander dissenting.

*Sam Holliday*, of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the surety on the proposed "additional" supersedeas bond, which was never filed or approved, was nevertheless liable thereon, despite the lack of filing and approval of such bond. Parmer County v. Smith, 47 S. W. (2d) 883; Benson v. Ashford, 198 S. W. 1093; Guaranty Bank & Tr. Co. v. Hamacher, 112 S. W. (2d) 343; Ferrell v. Alexander, 96 S. W. (2d) 88.

*Bailey & Shaeffer, Shook & Shook, John White,* and *White & Yarborough,* all of Dallas, for respondent.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit against the petitioner, Lloyds Casualty Insurer, (hereinafter called Lloyds), upon an additional supersedeas bond upon which it was surety. The Clerk of the Court of Civil Appeals never approved or filed the bond, but it is the position of respondents that the surety was nevertheless liable thereon on account of the facts recited below. Respondents recovered in the trial court and the case was affirmed by the Court of Civil Appeals, the Chief Justice dissenting. 167 S. W. (2d) 221.

M. V. Mowery and his attorneys, John White and H. J. Yarborough, composing the firm of White and Yarborough, and J. P. Mosely, obtained a judgment in the District Court of Gregg

County against Southern Underwriters and its successor, United Employers Casualty Company, (hereinafter called Insurer), for $6,357.62, as compensation under the Workmen's Compensation Law, from which Insurers prosecuted an appeal by writ of error to the Court of Civil Appeals at Texarkana. One of the two sureties on the supersedeas bond was the respondent, Farrar. After the case was removed to the Court of Civil Appeals respondent Mowery and his attorneys filed in that court a motion under authority of Art. 2272 to require Insurers to file an additional supersedeas bond, alleging the former one to be inadequate. The motion was granted and, in compliance with the order granting same Insurers mailed to the Clerk of the Court of Civil Appeals an additional supersedeas bond, upon which Lloyds was the surety, but the Clerk refused to approve and file same. Insurers sought by motion to have the Court of Civil Appeals order its clerk to approve and file the tendered bond, but their motion was overruled and that court entered its order directed to the proper officials of Gregg County, commanding them to issue an execution on the judgment and proceed to enforce same just as though no supersedeas bond has ever been executed. Thereupon Insurer filed in this court a motion for leave to file a petition for mandamus to compel the Clerk of the Court of Civil Appeals to file the tendered bond and for an order to stay execution pending our final decision on the petition for mandamus. This motion was granted, and the petition for mandamus was filed. At the same time this court entered its stay order sustaining the issuance or levy of execution upon the judgment of the District Court until the further orders of this court. The order specifically provided that it should not be construed as in any manner restraining the Court of Civil Appeals from deciding the case on its merits. No bond was required by this court as a basis for the issuance of its restraining order. Thereafter, the Court of Civil Appeals decided the case on its merits, affirming the judgment of the trial court, (147 S. W. (2d) 834), and later, upon motion of Insurers, the mandamus proceeding in this court was dismissed at their cost, and the injunction or stay order theretofore issued was vacated and set aside.

The instant suit was filed by respondent Farrar, one of the sureties on the original supersedeas bond upon which the case was taken to the Court of Civil Appeals. He alleged the total insolvency of the other surety on the original bond and sought contribution against Lloyds as "additional surety," his theory being that he, as surety on the original supersedeas bond, and Lloyds, as surety on the additional supersedeas bond, were co-sureties. It was alleged by Farrar that certain securties had

been transferred to Lloyds by United Employers Casualty Company, now in receivership, prior to the time that it was placed in the hands of a receiver, which constituted trust funds, and that these should be resorted to for payment of. the Mowery judgment before any execution should be levied upon the property of Farrar. Mowery and his attorneys were joined as defendants in this suit. In their answer they filed a cross action against Lloyds on the additional bond. In the trial court judgment was rendered in favor of Farrar and also in favor of Mowery and his attorneys against Lloyds, which judgment was affirmed by the Court of Civil Appeals. That judgment has many provisions, but we are not called upon here to review these separate provisions. Neither are we called upon to consider the venue questions dealt with in the opinion of the Court of Civil Appeals. The questions here presented relate only to the broad question of whether the liability of Lloyds, as surety on the additional supersedeas bond, ever attached and our opinion will be confined to a discussion of that question.

■ The many authorities upon the question before us establish the general rule to be that sureties on a supersedeas bond which is invalid as such may nevertheless be held liable thereon when such bond accomplishes the very purpose for which it was intended by procuring for the principal obligor on the bond a stay of execution. Many cases are collated supporting the rule in an annotation in 120 A. L. R. beginning on page 1062. We take note briefly on a few typical cases:

In Maryland Casualty Co. v. Marshall, 226 Ky. 62, 10 S. W. (2d) 485, the supersedeas bond was held to be void because of the circuit court's want of jurisdiction to allow the appeal, but recovery was had thereon as a common law obligation where the obligees on account thereof refrained from attempting to enforce the judgment and the obligors secured all that they sought by the execution of the bond.

In Stevenson v. Morgan, 67 Neb. 207, 93 N. W. 180, recovery was permitted on an appeal bond, although the statute authorizing such bond was afterwards declared unconstitutional, the facts showing that, because of such bond, the principal obligor therein had been enabled to retain possession of certain premises pending the appeal.

In Martin v. Bogard, 176 Ark. 203, 2 S. W. (2d) 700, it was held that a supersedeas bond which was ineffective as such because filed too late, but which accomplished its intention purpose, was nevertheless good as a common law bond.

In Tanguary v. Bashor, 42 Colo. 231, 94 Pac. 22, it was held that, although an intended supersedeas bond was ineffective for that purpose, still if both parties treated it as effectual to suspend execution upon the judgment, the surety was liable thereon.

From Kotite v. Title Guaranty & Surety Co., 191 Ill. App. 555, we quote the following:

"The judgment debtor used the bond here sued on to procure a review by this court of the judgment against him, and the surety by joining in the bond enabled him to do so, and having obtained all the benefit of the bond, they should be estopped from denying that it is a binding obligation."

Authorities from other jurisdictions could be multiplied, but it would be profitless to do so, for the question seems now to be definitely settled in our own jurisdiction. A writ of error was refused in the case of Clay v. Richardson, 9 S. W. (2d) 413, in which it was held that, although there was no authority in law for the execution of a supersedeas bond to suspend the operation of a permanent injunction, such a bond was valid and binding as a common law obligation where by reason thereof the full benefit of a suspension was obtained. We quote from that opinion as follows:

"* * * Having received the full benefit of a suspension by executing the bond, they are in no position now to say that they are not bound by the plain provisions thereof, in the absence of any plea or showing of fraud, accident, or mistake inducing the execution of it. * * *."

At our last sitting we released an opinion in Cause No. 8114, Lloyds Casualty Insurer v. McGee, (141 Texas 384, 174 S. W. (2d) 314), wherein a supersedeas bond was filed in a case in which the appeal had not been timely prosecuted, and at a time when it was impossible to prosecute same, and it was held that the obligation of the surtey was enforceable in an action at common law. The opinion cites with approval Haffner v. Commerce Trust Co., 184 Okla. 212, 86 Pac. (2d) 331, 120 A. L. R. 1057, one of the leading cases on the subject.

Applying the foregoing to the facts disclosed by the record before us, we are led to the certain conclusion that Lloyds is liable on the supersedeas bond voluntarily executed by it in this case. As set out above, after the Clerk of the Court of Civil Appeals at Texarkana refused to approve and file the

bond, and after that court had ordered the enforcement officers in Gregg County to proceed to execute the judgment pending appeal, there was filed in this court on behalf of Insurers a proceeding designated as a petition for mandamus, but which had a much wider scope. In that petition it was alleged upon oath that the bond tendered to the Clerk was still in the Clerk's office, and that it was the ministerial duty of the Clerk to approve and file same. It was further made known that, unless prevented from so doing by this court, the officers of Gregg County would proceed to execute the original judgment, and that Insurers had no adequate remedy at law. Upon a consideration of the application the motion to file same was granted on February 14, 1940, and an order entered by this court directing the Clerk of the District Court of Gregg County to refrain from issuing any execution on the judgment until further orders of this court, and restraining all persons from levying such execution if same had theretofore been issued. From this it is apparent that Insurers procured in this court a writ of supersedeas staying the enforcement of the judgment upon the sole ground that they had tendered to the Clerk a valid and sufficient supersedeas bond. The fact that the Clerk did not approve the bond prevented the rendition of a summary judgment thereon, but did not affect its validity as a common law obligation under these circumstances.

The Court of Civil Appeals thereafter considered the case on its merits and rendered its opinion and judgment affirming the judgment of the trial court, and later overruled a motion for rehearing, following which Insurers filed in this court a motion to dismiss their petition for mandamus on the ground that the question involved in said petition had become moot, which motion was granted on March 5, 1941.

It thus conclusively appears that, because of the voluntary execution by Lloyds of the additional supersedeas bond, Insurers, who were the principal obligors, in such bond, were enabled to procure a stay of execution of the judgment which had theretofore been rendered against them just as completely and effectively as if said bond had been approved and marked filed by the Clerk of the Court of Civil Appeals. In issuing its order staying the execution of the judgment, this court based its action solely upon the ground that an effective supersedeas bond had been tendered to the Clerk. That stay order was kept in effect more than a year and until after the trial court's judgment had become final, thus securing to Insurers all that they had sought by the execution of the bond. In dismissing the application for

mandamus thereafter, this court did so upon the theory that no useful purpose would be served by ordering the Clerk of the Court of Civil Appeals at that time to approve and file the tendered bond. Since the Court of Civil Appeals had already rendered its final judgment therein, it was then too late for that court to enter summary judgment upon such bond and, if it had been filed at that late date, a suit in the nature of the instant one would nevertheless have been required to enforce the liability of Lloyds thereon.

Much is written in the briefs on the question of whether or not the Clerk of the Court of Civil Appeals was justified in refusing to approve and file the tendered bond. We attach no materiality to that question. The facts are that, on the faith of said bond and by reason thereof Insurers were enabled, under orders of this court, to procure a stay of execution during the pendency of their appeal, which was the sole purpose for which the bond was executed, and these facts fix the liability of the surety. It is too late now to consider the question of whether or not this court properly issued the stay order. The controlling fact is that it did issue it.

There is evidence in the record to the effect that, after the Court of Civil Appeals declined to compel its Clerk to approve and file the tendered bond there were some negotiations between Insurers and Lloyds with reference to the cancellation therof and the return of the premium deposit. If we assume that the trial court accepted that evidence as true, it should not be given any controlling effect. Those were transactions between the principals and the surety on their bond and if they were sufficient to create a contract as between them, they cannot have any effect on the question of the liability of the surety to the respondents. The bond was not withdrawn, but was permitted to remain in the hands of the clerk. By executing the bond and delivering it to its principals for the purpose of procuring a stay of execution Lloyds thereby clothed them with authority to take such reasonable steps as were necessary to make same accomplish that purpose. If that actual authority was later withdrawn, the indicia thereof should have been withdrawn also. Secret understanding between the principals and surety cannot operate to alter the legal effect of the bond. Nichols and Shepard Co. v. Horsted, 27 S. D. 262, 130 N. W. 776.

Point is made of the fact that Mowery and his attorneys contested the application of Insurers to procure a mandamus in the Court of Civil Appeals compelling its Clerk to approve and

file the bond and also contested the proceeding in this Court wherein the writ of supresedeas or stay order was granted. To our minds their action in so doing in no sense weakened their cause of action. They could have collected their judgment from United Employers Casualty Company without delay, had the stay order not been issued. They protested vigorously against the loss of their right to do so, but their protest was unavailing. A sufficient consideration to support a bond of this nature as a common law obligation is the detriment resulting therefrom to the obligees. That detriment results when the bond achieves its intended purpose. There need be no acceptance of the bond by the obligees in the sense that private contracts are accepted. The controlling fact is that the obligees suffer a detriment thereby and whether they do so with or without protest is unimportant. While the obligees are the beneficiaries in supersedeas bonds, still such bonds are not submitted to them for their acceptance or rejection. That duty rests, in the first instance, upon the Clerk, subject, however, to review by the courts. When this court, by issuing its stay order, caused the bond in this case to affect its intended purpose, no further acceptance was necessary.

The judgment of the Court of Civil Appeals affirming the case is affirmed.

Opinion adopted by the Supreme Court July 21, 1943.

Rehearing overruled October 20, 1943.

MR. CHIEF JUSTIEE ALEXANDER, dissenting.

I do not believe that Lloyds Casualty Insurer is liable on the bond here sued on, for the simple reason that the purpose supersedeas bond was never accepted as such.

The purported bond was executed for the purpose of superseding a judgment theretofore recovered by Mowery and others against Southern Underwriters, but when it was tendered to the Clerk of the Court of Civil Appeals for that purpose said Clerk refused to accept and approve the bond. A motion for leave to file a petition for mandamus to require the Clerk to approve the bond was then filed in the Court of Civil Appeals. Mowery and the others in whose favor the judgment ran resisted the motion, and as a result the motion was denied. In other words, the Court of Civil Appeals, at the request of Mowery and others, refused to order the Clerk to accept and

approve the bond. Certainly there was no acceptance of the proposed contract up to that time. Thereafter Southern Underwriters, not Lloyds Casualty Insurer, filed in the Supreme Court a motion for leave to file a petition for mandamus to require the Clerk of the Court of Civil Appeals to approve the bond. This Court allowed the petition to be filed and entered a stay order, pending a hearing of the case. It should be noted here, however, that Lloyds Casualty Insurer did not file this petition, and further that the bond here sued on was not given to this Court nor filed and approved by the Clerk of this Court as a condition precedent to the issuance of the stay order. Later the main case was disposed of by the Court of Civil Appeals, and the Supreme Court then dismissed, as moot, the petition for mandamus to require the Clerk of the Court of Civil Appeals to approve the bond. It is plain, therefore, that no one ever accepted the bond in question as a supersedeas bond to prevent the issuance of execution on Mowery's judgment.

A supersedeas bond is but a contract, and is to be construed in many respects like other contracts. Every bond, in order that it may become a binding obligation, must not only be executed by the obligors and delivered, but must be accepted as such. 9 C. J. 16; 6 C. J. 1012; 11 C. J. S. 406, 408; 17 C. J. S. 414; 3 Tex. Jur. p. 384; sec. 274; Dillard v. First National Bank of Canyon, 143 S. W. 682, par. 4; Cox v. Gordon et al, 241 S. W. 286 (writ refused) ; State v. Gaver 115 Md. 250, 80 A. 891, par. 2; Empire State Surety Co. v. Schillinger Bros., 167 Ill. App. 632. See also Parmer County v. Smith, 47 S. W. (2d) 883; Benson v. Ashford, 189 S. W. 1093.

The acceptance of a statutory bond is usually evidenced by the approval and filing by the clerk of the court. In fact, our statutes, Articles 2270 and 2272, which were in force at the time here in question, contemplated such, for they provided that a supersedeas bond should be "approved by the clerk."

The uncontradicted evidence shows that the Clerk not only refused to approve the bond and that the Court of Civil Appeals refused to make him approve it, but that Mowery, the beneficiary in the bond, appeared and objected to the acceptance and approval of the bond. Afterwards Southern Underwriters filed in this Court a petition for mandamus to compel the Clerk to approve the bond. But this did not constitute an acceptance of the bond for several reasons. In the first place, the petition was not filed by Lloyds Casualty Insurer, the defendant herein, and, in the second place, this Court never acted on that petition and

never ordered the Clerk to approve the bond. It cannot be said that the stay order issued by this Court was issued on the filing of the bond here under consideration, for said bond was not given as a condition for the issuance of such stay order and was never accepted by this Court for that purpose.

There is not a single case cited in the main opinion, and none has been found by this writer, in which a surety has been held liable on a bond that had never been accepted as such. In the case of Lloyds Casualty Insurer v. McGee, by this Court, and cited in the main opinion, the bond had been filed and approved by the Clerk, and there was no question as to its acceptance as such. The same is true of all the other cases cited in the main opinion.

. I cannot subscribe to the doctrine that a party is liable on an obilgation that was never accepted in some way by the obligee or some one authorized to accept same for him.

Opinion delivered July 21, 1943.