Michael **WHITMIRE** and Sureties
**R.O. Whitmire** and **Elsie O.
Whitmire**, Appellants,

v.

**GREENRIDGE PLACE
APARTMENTS,**
Appellee.

No. 01–09–00291–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 19, 2010.

Rehearing Overruled Nov. 17, 2010.

Michael O. Whitmire, Law Office of Michael O. Whitmire, Houston, TX, for Appellants.

Howard M. Bookstaff, James H. Leeland, Sean M. McChristian, Hoover Slovacek, LLP, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION ON REHEARING

JANE BLAND, Justice.

In this continuing dispute over unpaid rent, the trial court rendered judgment in favor of Greenridge Place Apartments against Michael Whitmire and sureties R.O. and Elsie Whitmire, jointly and severally, for $25,000, the amount of the supersedeas bond posted by the Whitmires, after we affirmed the trial court's underlying judgment. On appeal, the Whitmires contend that (1) this court and the trial court lacked plenary power to amend our respective judgments to hold the Whitmire sureties liable; (2) both courts erred by amending our judgments and mandate to include the sureties because Whitmire's payment of the original judgment amount mooted the controversy; (3) both courts erred by holding the Whitmire sureties liable because their supersedeas obligation is void; and (4) Greenridge Place presented legally and factually insufficient evidence to support holding the Whitmire sureties liable for $25,000. We withdraw our opinion and judgment dated February 18, 2010 and issue this opinion in its stead to address an argument the Whitmires advance in their motion for rehearing.[1] Our disposition of the case is unchanged. We conclude that (1) our court and the trial court had jurisdiction to amend our judgments; (2) the controversy is not moot because Whitmire did not pay the rent that accrued during the previous appeal; (3) the sureties remain liable on the $25,000 supersedeas bond because the bond, although ruled insufficient to continue protecting Greenridge Place by the trial court, accomplished its purpose of suspending execution of the judgment; and (4) legally and factually sufficient evidence exists to hold the sureties liable up to the

1. We dismiss the Whitmires' motion for rehearing en banc as moot. *See City of Houston v. Buttitta,* 274 S.W.3d 850, 851 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

amount of the supersedeas bond. We therefore affirm.

## Background

On March 28, 2006, Whitmire renewed his lease at Greenridge Place for a one-year term beginning on April 1, 2006. Whitmire failed to pay rent for April and Greenridge Place filed a forcible entry and detainer action. The justice court entered a default judgment awarding possession of the apartment to Greenridge Place, and Whitmire appealed to the county court at law. After a *de novo* bench trial, the trial court awarded possession to Greenridge Place and ordered Whitmire to pay $850 in rent and $850 in attorney's fees, as well as costs, and post-judgment interest. In the judgment, the trial court also set the amount of the supersedeas bond at $10,000 in the event Whitmire appealed. Whitmire's parents, R.O. and Elsie Whitmire, acted as sureties and posted the $10,000 supersedeas bond.

Whitmire appealed to this court and on October 4, 2007, we affirmed the judgment of the trial court. *See Whitmire v. Greenridge Place Apartments*, No. 01–06–00963–CV, 2007 Tex.App. LEXIS 7893 (Tex.App.-Houston [1st Dist.] Oct. 4, 2007, pet. dism'd w.o.j.) (mem. op.). Throughout the appeal process, Whitmire remained in possession of the apartment but did not pay rent. In November 2007, after increasing the amount of the supersedeas bond to $15,000, the trial court further increased the bond amount to $25,000 "to cover rental amounts accrued during the pendency of the appeal." The Whitmire sureties complied with this order. In early April 2008, the Texas Supreme Court dismissed Whitmire's petition for review. While Whitmire's motion for rehearing was pending, the trial court ordered that a cash bond of $35,000 be deposited into the court's registry. The Whitmires did not increase their

surety obligation, and Whitmire did not deposit $35,000 in cash in the court's registry. Whitmire vacated the apartment on May 20, 2008. He later tendered a check to Greenridge Place in the amount of $2,101.14 to cover the amount of the judgment plus post-judgment interest.

In our court, Greenridge Place requested that we amend our judgment and mandate to reflect the Whitmire sureties' joint and several liability up to the $25,000 supersedeas bond they posted. We amended our judgment, recalled our previous mandate, and issued an amended mandate which stated:

> It is further ORDERED that the appellee, Greenridge Place Apartments, recover from the supersedeas bond filed by appellant, Michael Whitmire, and his sureties, Dr. R.O. Whitmire and Elsie O. Whitmire, the amount of the judgment rendered above against the sureties, including all rent, damages, and costs accrued during the pendency of the appeal, as determined by the court below, up to but not in excess of the supersedeas amount of $25,000, after payment of which the sureties are released from further liability.

In the trial court, Greenridge Place moved for entry of judgment for $25,000 against Whitmire and the Whitmire sureties, jointly and severally, to cover the amount of lost rent and attorney's fees incurred during the appeal, and against Whitmire, individually, for costs in excess of the $25,000 supersedeas bond. Greenridge Place attached the affidavit of Andrea Bloom, its Vice–President of Operations and Property Supervisor, to establish that amount of rent that Whitmire owed. Bloom averred that, pursuant to the lease, Whitmire owed $22,658 in rent for the period beginning October 2006, when Whitmire first appealed, through May 2008, when Whitmire surrendered the apartment. Greenridge

Place also included the affidavit of Magnus Rayos, one of its attorneys, who averred that Greenridge Place incurred over $19,000 in attorney's fees throughout the pendency of the appeal. The trial court ordered that Greenridge Place recover $25,000 from Whitmire and the Whitmire sureties, jointly and severally, and the excess costs from Whitmire individually.

After denying Whitmire's motion to modify or vacate the judgment, the trial court entered findings of fact and conclusions of law, including findings that Whitmire owed $22,687 in rent to Greenridge Place and Greenridge Place incurred at least $19,245.70 in attorney's fees during the appeal. The trial court further concluded that Bloom was qualified to testify regarding the amount of lost rent, Rayos' affidavit was sufficient to establish the amount of attorney's fees incurred by Greenridge Place, and that Greenridge Place could recover $25,000 from the Whitmires, jointly and severally, and the excess amount of costs from Whitmire individually.

### Discussion

*Plenary Power to Amend the Judgment*

In his first issue, Whitmire contends that our amended judgment and the trial court's supplement to the amended judgment are void because both courts lacked plenary power to amend our respective judgments. The Texas Rules of Appellate Procedure allow a judgment debtor to suspend or supersede execution of a judgment while the debtor pursues appellate review by filing a good and sufficient bond. TEX.R.APP. P. 24.1(a). The Rules of Appellate Procedure and the Texas Property Code both provide that, in setting the amount of the supersedeas bond requirement when the judgment involves a real property interest, the trial court must consider the value of rent or revenue likely to accrue during the pendency of an appeal. TEX.R.APP. P. 24.2(a)(2)(A) ("[T]he trial court will determine the type of security that the judgment debtor must post. The amount of security must be at least the value of the property's rent or revenue, if the property interest is real."); TEX. PROP. CODE ANN. § 24.007 (Vernon 2000) ("In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate."). The sureties on the bond are subject to liability for all damages and costs that may be awarded against the judgment debtor, up to the amount of the bond, if the debtor does not pay the value of the property's rent or revenue during the pendency of the appeal. TEX.R.APP. P. 24.1(d)(3). A trial court has continuing jurisdiction to modify the amount and type of security required to continue to suspend execution of the judgment, even after the trial court's plenary power has otherwise expired. TEX.R.APP. P. 24.3(a); *Lowe v. Monsanto Co.*, 965 S.W.2d 741, 742 n. 8 (Tex.App.-El Paso 1998, pet. denied).

Generally, after the term in which we render a judgment expires, we lack plenary power to correct or alter that judgment, except for ministerial acts consistent with the judgment. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex.1990) (orig. proceeding); *see also* TEX.R.APP. P. 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment."). Even after our plenary power expires, however, we retain the ability to correct clerical errors in our judgments and opinions, issue and recall our mandates, and enforce or suspend enforcement of our judgments. TEX.R.APP. P. 19.3(a)-

(c). When we affirm the judgment of the trial court, we must also render judgment against the sureties on the supersedeas bond for the performance of the judgment and any costs taxed against the appellant. TEX.R.APP. P. 43.5. This is a mandatory duty, and our failure to do so in our initial judgment does not deprive us of the power to, at any time, even after our plenary power has expired, amend our judgment to reflect the sureties' liability. *See Cockburn v. Hightower*, 121 Tex. 555, 52 S.W.2d 365, 366 (1932). Rendering judgment against the sureties after we affirm a judgment is a ministerial act involving no judicial discretion, and thus we may amend our judgment, after the expiration of our plenary power, to operate against the sureties on the supersedeas bond. *See id.* at 365, 366.

When Whitmire originally appealed the judgment of the trial court, we affirmed. *See Whitmire*, 2007 WL 2894167, at 7–8, 2007 Tex.App. LEXIS 7893, at *22–23. Our original judgment, however, did not enforce the judgment against both Whitmire and his sureties. After the Texas Supreme Court denied Whitmire's petition for review, Greenridge Place moved for us to amend our judgment and mandate. Because Rule 43.5 requires that we render judgment against the sureties on the supersedeas bond, this is a mandatory, ministerial act necessary to enforce our judgment; thus, we can render judgment against the sureties even after our plenary power has otherwise expired. *See* TEX. R.APP. P. 43.5; *Cockburn*, 52 S.W.2d at 365, 366.

█ Our amended mandate required the trial court to determine the amount of rent, damages, and costs accrued during the pendency of the appeal. The Whitmire sureties would then be liable for these costs up to $25,000, the amount of the supersedeas bond. The trial court, after examining the uncontroverted affidavits of Bloom and Rayos, subsequently granted Greenridge Place's motion to enter judgment against Whitmire and the sureties, jointly and severally, for $25,000 and against Whitmire individually for the remaining costs in excess of $25,000. When the trial court clerk receives the appellate court's mandate, the judgment of the appellate court must be enforced. TEX.R.APP. P. 51.1(b). The trial court "has no jurisdiction to review, interpret, or enforce [the appellate court's] mandate; it must observe and carry it out. Its orders carrying out the mandate are ministerial." *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex.App.-San Antonio 1984, orig. proceeding); *see also Saudi v. Brieven*, 176 S.W.3d 108, 117 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). We hold that the trial court did not err by following our mandate and rendering judgment against the Whitmire sureties in the amount of their supersedeas bond obligation.

*Effect of Whitmire's Tender of the Underlying Judgment Amount*

█ Whitmire next contends that Greenridge Place's acceptance of Whitmire's payment of the original judgment amount mooted the controversy and, thus we erred in amending our judgment and mandate to include the sureties. Generally, if a judgment debtor voluntarily satisfies the judgment against them, the case becomes moot. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001) ("If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982))). Marshall, the defendant in a forcible entry and

detainer suit, appealed the trial court's judgment against her, arguing that she was entitled to possession of the apartment; however, shortly after the trial court rendered its judgment, she vacated the apartment. *Marshall,* 198 S.W.3d at 784–85. The Texas Supreme Court held that because Marshall left the apartment and she did not claim a right to possession after the expiration of her lease, no live controversy existed between the parties on the issue of possession. *Id.* at 787.

■ Here, in contrast, Whitmire tendered a check for $2,101.14 to Greenridge Place and stated on the check that the amount was for "full satisfaction of the judgment," but he had remained in possession of the apartment from October 2006 to May 2008, during the pendency of the first appeal, without paying rent. The goal in setting the supersedeas bond is to require an amount which will "adequately protect the judgment creditor against any loss or damage occasioned by the appeal." *Muniz v. Vasquez,* 797 S.W.2d 147, 150 (Tex.App.-Houston [14th Dist.] 1990, no writ). To protect Greenridge Place, the trial court initially set the supersedeas amount at $10,000 to cover rents that accrued during the appeal. As the appeal continued, the trial court increased the supersedeas amount twice more to cover unpaid rents.

Whitmire's payment to Greenridge Place included $850 in rent, $850 in attorney's fees, and approximately $400 in post-judgment interest. He did not tender payment for the rents that accrued during the pendency of the appeal. When the underlying judgment is for the recovery of a real property interest and the judgment debtor does not pay the value of the property's rent or revenue during the pendency of the appeal, the sureties are subject to liability up to the amount of the bond. Tex. R.App. P. 24.1(d)(3); *see also* Tex.R.App. P.

43.5 ("When a court of appeals affirms the trial court judgment . . . the court of appeals must render judgment against the sureties on the appellant's supersedeas bond."). Thus, because Whitmire only paid Greenridge Place the original judgment amount and did not pay the rents that accrued during the appeal, a live controversy still existed between the parties— one to resolve once the judgment was final.

*Surety Liability on the $25,000 Supersedeas Bond*

■ Whitmire further contends that our court and the trial court erred by rendering judgment against the Whitmire sureties because the trial court, when it imposed the $35,000 cash bond requirement, stated that the cash bond superseded the sureties' bond obligation and released the sureties from liability. Supersedeas bonds "secure the appellee and abate the remedies he would otherwise have for realizing his judgment." *Carter Real Estate & Dev., Inc. v. Builder's Serv. Co.,* 718 S.W.2d 828, 830 (Tex. App.-Austin 1986, no writ). In *Carter Real Estate,* Builder's, the judgment creditor, objected in the appellate court to the sufficiency of a supersedeas bond, contending that the sureties did not own sufficient property to secure the obligation. *Id.* at 831. The Austin Court of Appeals ordered a new supersedeas bond with sufficient sureties, which Carter Real Estate did not meet. *Id.* The Austin Court of Appeals held that the sureties remained liable, even though the court determined that their bond was insufficient to continue suspending execution of the judgment, because "the insufficient bond nevertheless accomplished 'the very purpose for which it was intended by procuring for the principal obligor' an abatement of the writ of execution that would otherwise have been available to Builder's." *Id.* (quoting *Lloyds Cas. Insurer v. Farrar,*

141 Tex. 497, 174 S.W.2d 302, 303–04 (1943)); *see also Haun v. Steigleder,* 868 S.W.2d 387, 391 (Tex.App.-San Antonio 1993, no writ) (holding that although supersedeas bond was technically invalid because not approved by district court, surety still liable on bond as common law obligation due to principal obligor obtaining stay of execution of judgment). Because the sureties "received the full benefit of their [suretyship] contract," they were " 'in no position now to say that they are not bound [by the contract].' " *Carter Real Estate,* 718 S.W.2d at 831 (quoting *Farrar,* 174 S.W.2d at 304).

In this case, at the May 2008 hearing, the trial court orally stated that the $25,000 bond posted by the Whitmire sureties was insufficient to continue suspending execution of the judgment because the sureties indicated that they were unwilling to pay. The trial court amended the supersedeas requirement to a $35,000 cash deposit into the court's registry. Whitmire did not fulfill this requirement and he vacated the apartment after the trial court issued a writ of possession. The trial court had previously increased Whitmire's supersedeas requirement to $25,000 in November 2007, which the Whitmire sureties met. This bond remained in place until May 2008, while Whitmire appealed our initial judgment to the Texas Supreme Court. Thus, even though the trial court ultimately ruled that the bond was insufficient to continue protecting Greenridge Place and suspending execution of the judgment beyond May 2008, the $25,000 bond effectively superseded the judgment for six months before the trial court amended the supersedeas requirement to a cash deposit. This bond prevented Greenridge Place from executing the judgment and beginning eviction proceedings against Whitmire, who continued to reside in the apartment without paying rent. Because the bond "nevertheless accomplished 'the

very purpose for which it was intended by procuring for the principal obligor' an abatement" of the writ of possession to which Greenridge Place was otherwise entitled, we conclude that the Whitmire sureties "received the full benefit of their [suretyship] contract" and remain liable on the bond. *See id.* (quoting *Farrar,* 174 S.W.2d at 303–04); *Haun,* 868 S.W.2d at 391.

*Sufficiency of Evidence to Support Judgment Against the Sureties*

In his fourth issue, Whitmire contends that Greenridge Place failed to present legally and factually sufficient evidence to support the trial court's amended judgment against the Whitmire sureties on the $25,000 supersedeas bond. An appellate court may not summarily ascertain the amount of monetary damages incurred by a judgment creditor as a result of the delay of an appeal. *Muniz,* 797 S.W.2d at 150. When a judgment creditor claims loss or damages resulting from the appeal, the creditor must prove the extent of the damage. *State v. Watts,* 197 S.W.2d 197, 199 (Tex.Civ.App.-Austin 1946, writ ref'd). When the supersedeas bond covers rental amounts that accrue while the case is on appeal, the rental amounts cannot be determined on appeal, but instead "must be determined by proof of facts transpiring after judgment and during the pendency of appeal." *Id.* To recover, the judgment creditor may move the appellate court to enter judgment against the sureties on the bond. *Muniz,* 797 S.W.2d at 150.

Here, after the Texas Supreme Court denied Whitmire's petition for review and Whitmire tendered payment of the original judgment amount, Greenridge Place moved for us to amend our judgment and mandate to render judgment against the Whitmire sureties on the $25,000 supersedeas bond. We granted the motion and

directed the trial court to determine "all rent, damages, and costs accrued during the pendency of the appeal." In the trial court, Greenridge Place then moved for entry of judgment against the sureties on the $25,000 supersedeas bond and attached the affidavits of Bloom, its agent, and Rayos, one of its attorneys of record, to establish the lost rentals and attorney's fees incurred during the pendency of appeal. Bloom attached Whitmire's lease to her affidavit, stated her position with Greenridge Place, and calculated the amount of lost rent Greenridge Place incurred. According to Bloom, based on Whitmire's lease, he owed $22,658 in lost rent from October 2006 to May 2008.[2] Whitmire presented no evidence to contradict Bloom's calculations, nor did he request an evidentiary hearing. The lease and Bloom's uncontroverted affidavit are legally and factually sufficient to support the trial court's finding that Whitmire owed $22,658 in lost rent in its entry of judgment.

▆▆▆▆▆▆ Whitmire additionally contends that Rayos' affidavit on attorney's fees is legally and factually insufficient because it does not include statements of the number of hours expended or the billing rate, and does not contain copies of any invoices or billing statements. We do not require an attorney to specifically state the number of hours spent on a case or the rate charged; instead, the attorney may prove the amount of work performed "by alternative methods, including evidence of what tasks were taken on behalf of the client." *Brighton Homes, Inc. v. McAdams*, 737 S.W.2d 340, 344 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see also Hugh Wood Ford, Inc. v. Galloway*, 830

S.W.2d 296, 298 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (holding attorney's testimony on all work performed sufficient to support attorney's fees award even though no time records presented). Here, Rayos describes in detail the type of work performed on behalf of Greenridge Place, states that all services performed were reasonable and necessary and that he is familiar with the customary amount of fees charged in Harris County for these types of cases, and avers that $19,245.70 is a reasonable and necessary amount of attorney's fees for the work performed. We hold that Rayos' affidavit is both legally and factually sufficient to support the trial court's judgment of $19,245.70 in attorney's fees to Greenridge Place.

### Conclusion

Our court and the trial court each had jurisdiction to amend our respective judgments to render judgment against the Whitmire sureties on the $25,000 supersedeas bond. Whitmire's payment of the original judgment did not moot the controversy because Whitmire did not tender payment for the rents that accrued while he remained in possession of the apartment during the pendency of his appeal. The Whitmire sureties remain liable on the $25,000 supersedeas bond because, although the trial court ultimately ruled the bond insufficient, the bond accomplished its purpose of abating the execution of a writ of possession in favor of Greenridge Place. Accordingly, neither this court nor the trial court erred in rendering judgment against the sureties on that bond, despite the subsequent $35,000 cash deposit requirement that went unfulfilled. We

---

**2.** Bloom specified that based on paragraph 6 of the lease, Whitmire owed $850 a month from October 2006 to January 2007, the remainder of his lease, for a total of $3,100. Whitmire owed $970 a month as a month-to-month tenant from February 2007 to May 2007, for a total of $3,880. And Whitmire owed $1,150 a month as a holdover tenant from April 2007 to May 2008, for a total of $15,706.16.

further hold that the uncontroverted affidavits that Greenridge Place presented in support of its motion to enter judgment against the sureties support the amended judgment of the trial court. We therefore affirm the judgment of the trial court.