Opinion issued
June 16, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00364-CV

———————————

2200 West Alabama, Inc., Appellant

V.

Doc’s
Delight, L.L.C. d/b/a Ziggy’s Healthy Grill, Appellee



 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas



Trial Court Case No. 902,968

 



 

 

MEMORANDUM
OPINION

 

          2200
West Alabama, Inc. appeals the trial court’s order releasing a deposit, which
was made in lieu of filing a supersedeas bond, to Doc’s Delight, L.L.C. d/b/a
Ziggy’s Healthy Grill.  In an earlier
phase of this lawsuit, the trial court rendered judgment awarding possession of
the leased premises to the landlord, 2200 West Alabama.  Doc’s, the tenant, retained possession during
the pendency of the appeal as a result of posting a deposit equal to the amount
of six month’s rent.  Doc’s did not pay
any rent during the more than six-month-long appeal.  In its sole issue, 2200 West Alabama, the
landlord, contends that the trial court erred by releasing the deposit to Doc’s
and denying 2200 West Alabama any recovery from the deposit.  We conclude that the trial court erred by
denying 2200 West Alabama any rights in the deposit and returning the deposit
to Doc’s.  We reverse and render.

Background

          The
basic facts are not disputed.  2200 West
Alabama leased premises to Doc’s for the operation of a restaurant.  In addition to monthly rent, the lease
provided for common area maintenance fees. 
Doc’s filed a declaratory judgment action seeking to determine whether
it owed common area maintenance fees and, if so, in what amount.  2200 West Alabama answered and filed a
counterclaim alleging a breach of the lease, seeking past due maintenance fees
and attorney’s fees, and requesting possession of the property.  

          After a trial on the merits, the trial
court rendered judgment on March 3, 2009 that Doc’s take nothing on its suit
and that 2200 West Alabama receive damages of $6,781.03 in common area
maintenance fees and $6,000 in attorney’s fees. 
The final judgment also states, “IT IS FURTHER
ORDERED, ADJUDGED AND DECREED that Defendant 2200 West Alabama, Inc. be, and
the same is hereby, GRANTED possession of the premises described [in the
lease].”  The award of damages and
attorney’s fees is separate from the award of possession, and neither award is
in any way conditioned upon the other.  After
Doc’s motion for new trial was overruled by the trial court, 2200 West Alabama sought
and received a writ of possession.  
Doc’s then appealed the judgment by filing a notice of appeal on June 5,
2009.

          After
appealing the judgment, Doc’s tendered a check covering the damages and
attorney’s fees to 2200 West Alabama, which 2200 West Alabama cashed several
months later.  The trial court held a
hearing in June 2009 to determine the amount needed to supersede the remainder
of the judgment (i.e., the possession of the premises) pending Doc’s
appeal.  2200 West Alabama argued that
because the judgment concerned an interest in real property, the amount required
for supersedeas bond was “the value of the
property interest’s rent or revenue.”  See Tex
R. App. P. 24.2(a)(2)(A).  The
trial court apparently agreed, noting in the case file that the amount required
to supersede the judgment should be six times the monthly rent under the
agreement, for a total of $52,800.  The
trial court did not, however, sign an order fixing the supersedeas in that
amount and Doc’s did not supersede the judgment.  Doc’s quit paying rent on the property after
the hearing.

          Several
months later, 2200 West Alabama applied for another
writ of possession.  Doc’s responded by
seeking and acquiring an ex parte order from the trial court setting the amount
of supersedeas at $52,800.  On October
13, 2009, Doc’s deposited this amount with the court in lieu of posting a bond,
superseding the judgment and staying 2200 West Alabama’s ability to take
possession of the property during the appeal. 


          Approximately
two months later, and a little over six months after Doc’s initiated the appeal
by filing a notice of appeal, this court dismissed Doc’s appeal for want of prosecution.  Doc’s
Delight, L.L.C. v. 2200 West Alabama, Inc., No. 01-09-00538-CV, 2009 WL
4854138, at *1 (Tex. App.—Houston [1st Dist.]  Dec. 17, 2009, no pet.).  Doc’s had failed to file a docketing
statement or brief.  See id.  Accordingly, the
trial court’s judgment remained in place. 
After this court’s mandate issued, Doc’s finally vacated the premises by
mid-January or early February.

          2200
West Alabama sought an order from the trial court releasing the full amount of
Doc’s deposit in lieu of supersedeas bond to cover the period of over six
months during the pendency of the appeal and during which Doc’s had not paid
rent.  The trial court initially granted
the request.  After Doc’s moved for
reconsideration and filed its own motion to withdraw the funds on deposit with
the clerk, the trial court reversed itself and issued an order releasing the
full amount to Doc’s.  This is the order
appealed from in this case.

Entitlement to the Deposit
in Lieu of Bond

          A
judgment debtor may suspend or supersede execution of a judgment while the
debtor pursues appellate review by filing with the trial court clerk a good and
sufficient bond or, as in this case, making a deposit with the clerk in lieu of
a bond.  Tex. R. App. P. 24.1(a)(2)–(3); Whitmire v. Greenridge Place Apartments, 333 S.W.3d 255, 260 (Tex.
App.—Houston [1st Dist.] 2010, pet. dism’d). 
When the judgment
involves an interest in real property, the amount of the supersedeas bond or
deposit must be “the value of the property interest’s rent or revenue” during
the pendency of the appeal.  Tex. R. App. P. 24.2(a)(2)(A); Whitmire, 333 S.W.3d at 260.  Furthermore, the surety on a bond or the
deposit made in lieu of a bond is subject to liability “for all damages and
costs that may be awarded against the debtor—up to the amount of the bond,
deposit, or security,” if “the
judgment is for the recovery of an interest in real or personal property, and
the debtor does not pay the creditor the value of the property interest’s rent
or revenue during the pendency of the appeal.” 
Tex. R. App. P. 24.1(d)(3);
see also Whitmire, 333 S.W.3d at 260.     

          The trial court awarded possession of
the premises to 2200 West Alabama.  The trial court ordered supersedeas in the
amount of $52,800—the value of six months’ worth of rent.[1]  Doc’s made a cash deposit in lieu of a bond
in that amount, thereby suspending enforcement of 2200 West Alabama’s right to
possession pending appeal.  This court
dismissed the appeal for want of prosecution, resulting in a final judgment for
possession for 2200 West Alabama.  Doc’s
did not pay rent on the subject property for over six months during the
pendency of the appeal.  The condition of
liability for the deposit was that Doc’s, the debtor, did not pay 2200 West
Alabama, the creditor, “the value of the property interest’s rent or
revenue during the pendency of the appeal.” 
See Tex. R. App. P. 24.1(d)(3); Whitmire, 333
S.W.3d at 260.  Because the conditions
for liability have been met, 2200 West
Alabama was entitled to the value of the unpaid rent during the pendency of the
appeal, up to the amount of the deposit.[2]  See
Tex. R. App. P. 24.1(d)(3).  Therefore, we hold that the trial court erred
by denying the deposit in lieu of bond to 2200 West Alabama and returning it to
Doc’s.

          In its
appellee’s brief, Doc’s raises two arguments that it asserts defeat 2200 West
Alabama’s entitlement to the deposit. 
First, Doc’s asserts that the trial court   lacked jurisdiction to award possession to 2200 West
Alabama.  Specifically, Doc’s asserts
that the justice court for the precinct in which the premises are located has
exclusive jurisdiction to hear a forcible detainer suit.  See
Young v. Texas First Bank, No. 01-08-00835-CV,
2010 WL 1492296, at *3 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied) (citing It’s the Berrys, L.L.C. v. Edom Corner,
L.L.C., 271 S.W.3d 765, 770 (Tex. App.—Amarillo 2008, no pet.)).  Whether the trial court had subject-matter jurisdiction over
the case is a question of law that we review de novo.  Id.
at *2 (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)).

          While Doc’s is correct that the
justice court has exclusive jurisdiction to hear a forcible detainer suit, it
does not have exclusive jurisdiction to determine possession of real property.  Id.
at *4 (citing Breceda v. Whi, 224
S.W3d 237, 240 (Tex. App.—El Paso 2005, no pet.)).   District courts and county courts
at law have jurisdiction to award possession of real property; they only lack jurisdiction
over forcible detainer suits applying the statutes and rules applicable to
those suits.  Id. at 3–4 (citing It’s the
Berrys, 271 S.W.3d at 770); see also
Breceda, 224 S.W.3d at 240.  In this
case, 2200 West Alabama did not invoke the forcible detainer statutes or Rules
of Civil Procedure.  Rather, it answered
and counterclaimed in the court chosen by Doc’s to adjudicate the rights of the
parties under the lease.  Because the
trial court did not lack jurisdiction to grant possession to 2200 West Alabama
that portion of the judgment is not void.

          Second, Doc’s argues that 2200 West Alabama
was faced with an election of remedies and, having chosen an inconsistent
remedy, may not now seek possession of the premises.  “An election of remedies does not occur
unless a party having two or more inconsistent remedies pursues one of them to
the exclusion of the others.”  Fina Supply, Inc. v. Abilene Nat’l Bank,
726 S.W.2d 537, 541 (Tex. 1987).  “The
doctrine is designed to prevent a party who has obtained a specific form of
remedy from obtaining a different and inconsistent remedy for the same wrong.”  Id.  Doc’s contends that when it paid the money
judgment for past-due common area maintenance fees and attorney’s fees, and
2200 West Alabama accepted that payment, 2200 West Alabama had no right to seek
possession of the premises.

          Doc’s
argument is premised on its contention that the trial court erred by awarding
possession to 2200 West Alabama in its judgment.  Doc’s contends that the trial court erred in
awarding possession because the assessment of past due common area maintenance
fees did not affect the ongoing lease.  Even
assuming that Doc’s is correct and that the trial court erred, it still cannot
prevail.  The trial court’s judgment,
even if erroneous, became final after Doc’s failed to prosecute its appeal.  Because the trial court’s judgment unconditionally
awarded possession to 2200 West Alabama, when that judgment became final, 2200
West Alabama was entitled to both past due common area maintenance fees and
possession of the premises.  Thus, there
is nothing inconsistent in 2200 West Alabama both accepting the payment of the
money portion of the judgment and seeking possession of the premises. 

          We sustain
2200 West Alabama’s sole issue.

Conclusion

          We
reverse the order of the trial court and render judgment awarding the full
amount of the deposit in lieu of a bond to 2200 West Alabama.  

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Sharp and Brown.

 











[1]           The monthly rent was $8,800.

 





[2]           Because rent was unpaid for over six
months while the appeal was pending but the deposit was only in the amount of
six months’ rent, 2200 West Alabama is entitled to the entire amount.  We therefore do not address the parties’
arguments concerning whether 2200 West Alabama is entitled to appellate
attorney’s fees from the amount of the deposit in lieu of a bond.