COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Tarris Woods v. Sandra T. Kenner and Charles E. Twymon, Jr.

Appellate case number:      01-14-01030-CV

Trial court case number:      PR-0075144

Trial court:                  Probate Court of Galveston County

Appellant, Tarris Woods, appeals from an "Order Probating Last Will and Testament as a Muniment of Title" and has filed a (1) "Motion to Take Judicial Notice," (2) "Motion for Temporary Order Staying Enforcement of the Judgment," and (3) "Motion for Review of Excessive Supersedeas Bond." Appellees, Sandra T. Kenner and Charles E. Twymon, Jr., have responded to Woods's motions for a temporary order and review of the supersedeas bond.

In the motion for review of supersedeas bond, Woods contends that the probate court abused its discretion in ordering Woods to file a bond or cash deposit in lieu of bond in the amount of $30,500.00 to supersede the probate court's order. On any party's motion, we may review the sufficiency or excessiveness of the amount security and the trial court's exercise of discretion in setting the amount of security. TEX. R. APP. P. 24.4; *TierOne Converged Networks, Inc. v. Lavon Water Supply Corp.*, No. 05-13-00370-CV, 2013 WL 6727876, at *1 (Tex. App.— Dallas Dec. 19, 2013, no pet.) (mem. op.); *see also* TEX. R. APP. P. 24.2(a)(3) (providing when judgment for something other than money or interest in property, "security must adequately protect the judgment debtor or creditor against loss or damage that the appeal might cause"); *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 262 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (quoting *Muniz v. Vasquez,* 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ)) ("The goal in setting the supersedeas bond is to require an amount which will 'adequately protect the judgment creditor against any loss or damage occasioned by the appeal.'").

Here, Woods made a cash deposit of $6500.00 in lieu of filing a supersedeas bond. After Kenner objected to Woods's cash deposit, the probate court held a hearing and signed an order setting the security amount at $30,500.00. The portion of that hearing record that Woods included as an exhibit to the motion indicates that Kenner testified at the hearing. Woods, however, has not provided a complete record of that hearing and we do not have a sufficient basis upon which to review the probate court's order. *See LMC Complete Auto., Inc. v. Burke*,

261 S.W.3d 749, 749 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Knowles v. Mack*, No. 04-04-00422-CV, 2004 WL 2046612, at *1 (Tex. App.—San Antonio Sept. 15, 2004, no pet.) (mem. op.) ("Without a record of the evidence the trial court considered in deciding whether the amount of the bond would likely cause Knowles substantial economic harm, we cannot conclude the trial court abused its discretion in denying Knowles' written motion to reduce the amount of security."). Accordingly, Wood's Motion for Review of Excessive Supersedeas Bond is **denied**.

Woods also has filed a motion seeking a temporary order staying enforcement of the probate court's order. An appellate court reviewing a trial court's decision on supersedeas "may issue any temporary order necessary to preserve the parties' rights." TEX. R. APP. P. 24.4(c). Having denied Woods's motion for review of the supersedeas bond, the "Motion for Temporary Order Staying Enforcement of the Judgment" is **denied**.

In conjunction with these motions, Woods has filed a motion requesting the Court to take judicial notice of portions of the clerk's record filed in this appeal. The motion is **granted**.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
⊠ Acting individually


Date: July 9, 2015