ACCEPTED
01-13-00853-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 4:55:59 PM
CHRISTOPHER PRINE
CLERK

# No. 01-13-00853-CV

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 4:55:59 PM
CHRISTOPHER A. PRINE
Clerk

## DERNICK RESOURCES, INC.

### v.

## DAVID WILSTEIN AND LEONARD WILSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE LEONARD AND JOYCE WILSTEIN REVOCABLE TRUST

**On Appeal From the 164th Judicial District Court
Of Harris County, Texas; Cause No. 2002-31310**

# Emergency Motion to Increase Amount of Deposit in Lieu of Supersedeas Bond

Britton D. Monts
Texas Bar No. 14303900
bmonts@themontsfirm.com
THE MONTS FIRM
401 Congress Ave.
Suite 1540
Austin, Texas 78701-3851
Telephone: (512) 474-6092
Facsimile: (512) 692-2981

Tom C. McCall
Texas Bar No. 13350300
tmccall@themccallfirm.com
David B. McCall
Texas Bar No. 13344500
dmccall@themccallfirm.com
THE McCALL FIRM
3660 Stoneridge Road
Suite F-102
Austin, Texas 78746
Telephone: (512) 477-4242
Facsimile: (512) 477-2271

Kendall M. Gray
Texas Bar No. 00790782
kendallgray@andrewskurth.com
Georgia L. Lucier
Texas Bar No. 24043523
georgialucier@andrewskurth.com
Kathryn Boatman
Texas Bar No. 24062624
kathrynboatman@andrewskurth.com
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002-2929
Telephone: (713) 220-3981
Facsimile: (713) 238-7183

ATTORNEYS FOR APPELLEES AND CROSS-APPELLANTS
DAVID WILSTEIN AND LEONARD WILSTEIN, INDIVIDUALLY AND AS
TRUSTEE OF THE LEONARD AND JOYCE WILSTEIN REVOCABLE TRUST

HOU:3596655.2

**TABLE OF CONTENTS**

I.      Introduction And Summary ..........................................................1

II.     Arguments And Authorities..........................................................2

III.    Conclusion And Prayer .................................................................5

HOU:3596655.2

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*,
  355 S.W.3d 296 (Tex. App.—Houston [1st Dist.] 2011,
  no pet.) ................................................................................4

*In re Nalle Plastics Family Ltd. P'ship*,
  406 S.W.3d 168 (Tex. 2013) .................................................4

*Jackson Walker, LLP v. Kinsel*,
  No. 07-13-00130-CV, 2014 WL 720889 (Tex. App.—
  Amarillo Feb. 14, 2014, no pet.) ..........................................5

*Whitmire v. Greenridge Place Apartments*,
  333 S.W.3d 255 (Tex. App.—Houston [1st Dist.] 2010,
  pet. dism'd) .........................................................................3

STATUTES

Tex. Civ. Prac. & Rem. Code § 52.006 .......................................3

OTHER AUTHORITIES

Tex. R. App. P. 24.4(b) .............................................................1

Tex. R. App. P. 24.4(d) .............................................................1

Texas Rule of Appellate Procedure 24.2(a)(1) .................................. 1, 3

HOU:3596655.2

# I.
## INTRODUCTION AND SUMMARY

This Court must review the amount of a deposit in lieu of supersedeas bond "based both on conditions as they existed at the time the trial court signed an order, and on changes in those conditions afterward." Tex. R. App. P. 24.4(b). Earlier this year, this Court increased the trial court's judgment to a new total of $4,429,376.71. Conditions changed. More security is needed.

The Wilsteins asked Dernick to increase its deposit, but it refused, claiming (erroneously) this Court's June 30, 2015 judgment is tentative and ineffective and therefore need not be fully superseded to stay execution until the mandate issues. The Wilsteins then filed a motion asking the trial court to require Dernick to increase its deposit, but the court refused, adopting Dernick's facially erroneous "mandate" argument.[1]

The Wilsteins now ask this Court to apply the law correctly and require Dernick to increase its deposit to comply with Texas Rule of Appellate Procedure 24.2(a)(1). The Wilsteins' motion "must be heard at the earliest practicable time" because, in the meantime, the Wilsteins are left unprotected. Tex. R. App. P. 24.4(d).

---

[1] *See* Exhibit A, a transcript of the September 25, 2015 hearing, at 13.

## II.
## ARGUMENTS AND AUTHORITIES

The trial court's original judgment awarded a total of $3,238,260.90.[2] To suspend enforcement during its appeal, Dernick filed a cash deposit of $583,427.08 in lieu of supersedeas bond, which Dernick determined was the sum of compensatory damages, prejudgment interest on those damages, two years of post-judgment interest on the entire judgment, and costs awarded in the judgment.[3] Dernick eventually agreed to deposit another $1 million for a total of $1,583,427.98, and execution of the original judgment was stayed.

Since then, however, this Court significantly increased the trial court's judgment. On June 30, 2015, the Court modified the trial court's judgment to award the Wilsteins an additional $750,000 of compensatory damages, originally awarded by the jury but set aside by the trial court, and interest on those compensatory damages.[4] The total amount of the judgment is now $4,429,376.71.[5] That means

---

[2] *See* 3CR3523–28, attached hereto as Exhibit B.

[3] 3CR3704–08, attached hereto as Exhibit C.

[4] 2CR3166–78, attached hereto as Exhibit D, at 3177.

[5] *See* Exhibit E, a true and correct copy of this Court's judgment; *see also* Exhibit B.

Dernick's deposit in lieu of supersedeas bond is no longer sufficient, and the Wilsteins are left unprotected.[6]

By rule, the total amount that must be superseded is now $2,032,412.67, including the sum of compensatory damages, prejudgment interest, post-judgment interest for the estimated duration of the appeal, and costs:

- $583,427.14, the superseded amount in the original judgment,[7]

- $750,000, the Bradshaw compensatory damage award,[8]

- $365,924.26, prejudgment interest on the Bradshaw award, as reflected in the Court's judgment,[9]

- $111,592.43, two years of post-judgment on the Bradshaw award, and

- $221,468.84, one year of post-judgment interest on the entire judgment.

*See* Tex. R. App. P. 24.2(a)(1); Tex. Civ. Prac. & Rem. Code § 52.006.

---

[6] *See Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 262 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (noting that a bond "secure[s] the appellee and abate[s] the remedies he would otherwise have for realizing his judgment").

[7] Exhibit C.

[8] Exhibit E.

[9] Exhibit E.

HOU:3596655.2

The trial court abused its discretion in suspending execution of the Wilsteins' judgment without a sufficient deposit. There is no doubt that the $750,000 Bradshaw damage award is compensatory and must be superseded. *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 171–72 (Tex. 2013). But the court did not even include that.

Additionally, omission of adequate interest is an abuse of discretion. *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*, 355 S.W.3d 296, 304 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("We conclude that a supersedeas bond that does not include in its sum the amount of prejudgment interest is 'patently ineffective' to secure a money judgment awarding such interest."). Dernick's original deposit included only two years of estimated post-judgment interest. But the original judgment was signed on July 9, 2013, more than two years ago, and Dernick has indicated that it will file a petition for review with the Texas Supreme Court later this year. Assuming the petition is denied after it is filed—the quickest possible resolution—that process will likely take another four to six months at least, extending the appellate process another year beyond the two years of post-judgment interest currently posted by Dernick.

As such, additional post-judgment interest must be added: one additional year on the amount originally superseded, and three years on the new $750,000 Bradshaw award, which is effective as of the

date of the original judgment (July 9, 2013). *Jackson Walker, LLP v. Kinsel*, No. 07-13-00130-CV, 2014 WL 720889, at *1 (Tex. App.—Amarillo Feb. 14, 2014, no pet.) (holding that setting the amount of a supersedeas bond that does not include adequate post-judgment interest is an abuse of discretion).

The current deposit is only $1,583,427.08. Therefore, the deposit is deficient by $448,985.59,[10] and the Wilsteins are left unprotected.

### III.
### CONCLUSION AND PRAYER

The Wilsteins request that the Court grant this Emergency Motion and require Dernick to increase the deposit in lieu of supersedeas by $448,985.59. Should Dernick fail to comply, the Wilsteins request permission to execute on the amended judgment.

---

[10] This is the result of subtracting Dernick's current deposit, $1,583,427.08, from the amount that must be superseded, $2,032,412.67.

HOU:3596655.2

Respectfully submitted,

By:*/s/Kendall M. Gray*

    Kendall M. Gray
    Texas Bar No. 00790782
    kendallgray@andrewskurth.com
    Georgia L. Lucier
    Texas Bar No. 24043523
    georgialucier@andrewskurth.com
    Kathryn Boatman
    Texas Bar No. 24062624
    kathrynboatman@andrewskurth.com
    ANDREWS KURTH LLP
    600 Travis Street, Suite 4200
    Houston, Texas 77002-2929
    Telephone: (713) 220-3981
    Facsimile: (713) 238-7183

    Britton D. Monts
    Texas Bar No. 14303900
    bmonts@themontsfirm.com
    THE MONTS FIRM
    401 Congress Ave., Suite 1540
    Austin, Texas 78701-3851
    Telephone: (512) 474-6092
    Facsimile: (512) 692-2981

HOU:3596655.2

Tom C. McCall
Texas Bar No. 13350300
tmccall@themccallfirm.com
David B. McCall
Texas Bar No. 13344500
dmccall@themccallfirm.com
THE McCALL FIRM
3660 Stoneridge Road, Suite F-102
Austin, Texas 78746
Telephone: (512) 477-4242
Facsimile: (512) 477-2271

Attorneys for Appellees and
Cross-Appellants David Wilstein
and Leonard Wilstein, Individually
and as Trustee of the Leonard and
Joyce Wilstein Revocable Trust

# CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for Appellant and Cross-Appellee Dernick Resources, Inc. on October 6, 2015. Counsel for Dernick Resources, Inc. does not agree to the relief requested in this Motion.

*/s/Kendall M. Gray*
Kendall M. Gray

HOU:3596655.2

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2015, true and correct copies of the above and foregoing instrument have been e-served on the following counsel for Dernick Resources, Inc.:

Alan B. Daughtry
*alan@alandaughtrylaw.com*
675 Shartle Circle
Houston, Texas 77024

Kathrine M. Silver
*ksilver@jw.com*
Richard A. Howell
*rahowell@jw.com*
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010

D. Patrick Long
*plong@pattonboggs.com*
Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201

*/s/Kendall M. Gray*
Kendall M. Gray

HOU:3596655.2