**Opinion issued January 23, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00461-CV

———————————

## IN RE SUNNYLAND DEVELOPMENT, INC.

---

### Original Proceeding on Petition for Writ of Mandamus*

---

## O P I N I O N

Sunnyland Development, Inc. petitions for a writ of mandamus contending that the trial court abused its discretion by entering an order declaring that Shawn Ibrahim, Inc., Mahmood Akhtar, and Muhammed Amin satisfied a prior judgment by tendering $680,000 rather than the larger amount Sunnyland contends it is owed

---

\* The underlying case is *Shawn Ibrahim, Inc. v. Suncoast Envtl. & Constr., Inc.; Sunnyland Dev., Inc.; Ajaz R. Siddiqui; and Najeeb R. Siddiqui*, cause number 2011-02593, pending in the 61st District Court of Harris County, Texas.

under the judgment. We deny Sunnyland's petition.

## BACKGROUND

In April 2014, the trial court signed a money judgment in Sunnyland's favor against Shawn Ibrahim, Inc., Mahmood Akhtar, and Muhammad Amin based on a note. Ibrahim, Akhtar, and Amin appealed from that judgment. This court affirmed the trial court's judgment against them, and the Supreme Court of Texas subsequently denied their petition for review. *See Shawn Ibrahim, Inc. v. Suncoast Envtl. & Constr.*, No. 01-14-00583-CV, 2015 WL 4043242 (Tex. App.—Houston [1st Dist.] July 2, 2015, pet. denied) (mem. op. on reh'g). This court's mandate issued on January 22, 2016. But the judgment went unpaid for some time.

This mandamus proceeding arises from later proceedings in the trial court. In November 2018, Ibrahim, Akhtar, and Amin moved in the trial court for a declaration that they had satisfied the 2014 judgment. Sunnyland opposed this relief.

The crux of the parties' dispute concerned the amount of interest that Sunnyland is owed under the 2014 judgment, which provides that Ibrahim, Akhtar, and Amin owe "interest at the judgment rate from the date of judgment until paid." Ibrahim, Akhtar, and Amin argued that interest accrued on the judgment at a rate of 5 percent per year, resulting in a total judgment amount of $680,000. Sunnyland argued that interest accrued on the judgment at a rate of 18 percent per year, resulting in a total judgment amount of $1,135,716.35. The parties' divergent interest

calculations turned on conflicting views as to what the judgment required and which statutory provisions concerning post-judgment interest applied to it.

The trial court agreed with Ibrahim, Akhtar, and Amin. In December 2018, it signed an order declaring that they satisfied the 2014 judgment by tendering a payment of $680,000 to Sunnyland. In its entirety, the trial court's order states:

> Before the Court is Shawn Ibrahim, Inc., Mahmood Akhtar, and Muhammad Amin's Motion for Declaration of Satisfaction of Final Judgment and Motion for Release of Judgment. The Court has considered the motion, any response thereto, the evidence presented, and the arguments of counsel, and the Court finds the motion is meritorious and should be GRANTED.
>
> It is therefore ORDERED that the Final Judgment signed on April 14, 2014 has been fully satisfied in all respects upon Movant's tender of $680,000.00 to Judgment Creditor. It is further ORDERED that Shawn Ibrahim, Inc., Mahmood Akhtar, and Muhammad Amin are released from that judgment and have no outstanding judgment debt to Sunnyland Development, Inc.

Sunnyland moved for reconsideration, which the trial court denied in January 2019. Sunnyland now seeks a writ of mandamus directing the trial court to vacate the December 2018 order and to enter an order consistent with Sunnyland's interpretation of the April 2014 judgment.

## DISCUSSION

### *Mandamus Jurisdiction*

This court has jurisdiction to consider Sunnyland's petition for writ of mandamus. *See* TEX. GOV'T CODE § 22.221(b)(1); *Jack M. Sanders Fam. Ltd. P'ship*

3

*v. Roger T. Fridholm Revocable Living Tr.*, 434 S.W.3d 236, 239 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (for anything other than what could properly be described as final judgment, petition for writ of mandamus is correct procedural vehicle to obtain review of post-judgment order entered by trial court).

### *Applicable Law*

A money judgment must provide for post-judgment interest. TEX. FIN. CODE § 304.001. If the judgment is on a contract providing for interest, the post-judgment interest rate is the rate stated in the contract or 18 percent, whichever is less. *Id.* § 304.002. If section 304.002 does not apply, the post-judgment interest rate is:

(1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation;

(2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; or

(3) 15 percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than 15 percent.

*Id.* § 304.003(a), (c). For ease of ascertainment, each month Texas's consumer credit commissioner calculates the post-judgment rate that will apply to money judgments rendered during the succeeding month under section 304.003. *See id.* § 304.003(b). That rate is published in the Texas Register. *Id.* § 304.004. It is also published on the Internet. *See* Interest Rates, Office of Consumer Credit Commissioner, https://occc.texas.gov/publications/interest-rates (last visited Jan. 15, 2020).

4

### The Parties' Positions

Sunnyland argues that the post-judgment rate is 18 percent because the underlying note specifies that rate and section 304.002 of the Finance Code mandates application of the lesser of the rate stated in the contract or 18 percent. Sunnyland further argues that the judgment's provision for "interest at the judgment rate" has to be interpreted in light of the contemporaneous findings of fact and conclusions of law that the trial court made when it rendered its 2014 judgment. As this court observed when Ibrahim, Akhtar, and Amin appealed from that judgment in 2015, the trial court found that unpaid installments on the note were to earn interest at a rate of 18 percent per year. *See Ibrahim*, 2015 WL 4043242, at *2, *5. This court's opinion and mandate, Sunnyland maintains, therefore likewise require the trial court to apply an interest rate of 18 percent to the judgment.

Ibrahim, Akhtar, and Amin argue that the post-judgment rate is 5 percent because the judgment's provision for "interest at the judgment rate" does not state a specific rate and the rate thus is governed by section 304.003, even though the judgment is on a note. In support, they rely on *RAJ Partners v. Darco Constr. Corp.*, 217 S.W.3d 638 (Tex. App.—Amarillo 2006, no pet.), in which the court of appeals modified a judgment that did not award post-judgment interest in a contract dispute so that interest accrued at the rate specified by section 304.003. *Id.* at 652–53. In April 2014, when judgment was rendered against Ibrahim, Akhtar, and Amin, the

rate specified by section 304.003 was 5 percent. *See* Judgment Rate Summary, Office of Consumer Credit Commissioner, https://occc.texas.gov/sites/default/files/uploads/interest/19.judgement-rate-summary.pdf (last visited Jan. 15, 2020).

### *Analysis*

Sunnyland's position rests on the premise that the 2014 judgment is ambiguous as to the post-judgment interest rate and thus must be interpreted by reference to other documents. Ibrahim, Akhtar, and Amin's position rests on the premise that the 2014 judgment is silent as to the judgment rate. Neither premise is correct. The judgment provides for "interest at the judgment rate from the date of judgment until paid." The phrase "judgment rate" is a term of art that refers to the rate that is now codified in section 304.003 of the Finance Code. As the trial court correctly applied this rate to the 2014 judgment, it did not abuse its discretion.

The phrase "judgment rate" originates from a prior version of what is now section 304.003 of the Finance Code. *See* Act of May 5, 1983, 68th Leg., R.S., ch. 107, § 1, 1983 Tex. Gen. Laws 518, 518–19 (codified as TEX. REV. CIV. STAT. art. 5069-1.05, §§ 2, 5 (referring to post-judgment interest rate calculated based on Federal Reserve as "judgment rate" and providing that Texas's consumer credit commissioner shall publish "judgment rate")); *see also Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 441 n.1 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (article 5069-1.05 repealed by legislature in 1997 and its provisions placed in chapter

6

304 of Finance Code without substantive change).[1] Courts often referred to the post-judgment interest rate provided by this statutory predecessor to section 304.003 as the "judgment rate." *See* Lonny J. Hoffman, *Recovery & Calculation of Prejudgment Interest Under Texas Law*, 35 S. TEX. L. REV. 439, 443–44 (1994).

Section 304.003 retains the same general post-judgment interest framework as the prior law, but does not use the phrase "judgment rate." *See* TEX. FIN. CODE § 304.003. Nonetheless, the bench and bar continue to refer to the post-judgment interest rate provided by section 304.003 as the "judgment rate." *See* 2 ROBIN RUSSELL & JAMES W. PAULSEN, TEX. PRAC. GUIDE CREDITORS RIGHTS § 8.14 (2019–20 ed.) (referring to section 304.003's post-judgment rate as "judgment rate"); *see also Metro. Transit Auth. of Harris Cty. v. Brooks*, No. 01-16-00158-CV, 2018 WL 1003520, at *6 n.5 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, no pet.) (mem. op.) (referring to consumer credit commissioner's online "Judgment Rate Summary" in connection with section 304.003); *Urquhart v. Calkins*, No. 01-17-00256-CV, 2018 WL 3352919, at *7 n.8 (Tex. App.—Houston [1st Dist.] July 10, 2018, no pet.) (mem. op.) (same). The consumer credit commissioner's website explicitly refers to it as the "judgment rate." *See* Interest Rates, Office of Consumer Credit Commissioner, https://occc.texas.gov/publications/interest-rates (last visited Jan.

---

[1] We omit any discussion of intervening amendments to article 5069-1.05, which did not materially alter the general framework of post-judgment interest in Texas.

15, 2020).

Because the phrase "judgment rate" has a well-established meaning under Texas law, the 2014 judgment's provision for interest at the "judgment rate" is an unambiguous reference to the post-judgment interest rate set forth by section 304.003 of the Finance Code. *See* TEX. GOV'T CODE § 312.002(b) (providing that words of art used in statutes shall be accorded meaning given by experts in field); *cf. Budge v. Post*, 643 F.2d 372, 375 (5th Cir. 1981) (per curiam) (applying Texas law and holding that judgment providing for post-judgment interest "at the legal rate" wasn't uncertain or indefinite given governing law on subject). It is conceivable that the judgment's award of post-judgment interest at the "judgment rate" was erroneous, given the underlying note's terms and section 304.002's applicability in contract cases. At this juncture, however, neither the trial court nor this court can address such a complaint; Sunnyland did not appeal from the 2014 judgment and it has long since become final. *See Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (after term in which appellate court renders judgment expires it lacks plenary power to correct or alter that judgment). The trial court thus correctly applied section 304.003 based on the 2014 judgment's reference to the "judgment rate" in deciding the amount of post-judgment interest that Ibrahim, Akhtar, and Amin owed to Sunnyland. Sunnyland cannot show an abuse of discretion on this record.

8

**CONCLUSION**

We deny Sunnyland's petition for writ of mandamus.

Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.