

# Fourth Court of Appeals
## San Antonio, Texas

September 3, 2020

No. 04-18-00498-CV

**MWM HELOTES RANCH, LTD**. and Myfe Moore,
Appellants

v.

John H. **WHITE** Jr., Individually; John H. White III, Individually; John H. White Jr., John H. White III, and Molly C. White, in their capacities as Co-Trustees of the 1983 John H. White Long-Term Trust F/B/O John H. White Jr., and of the 1976B Partnership Trust; TCW Helotes Ranch Ltd; and Tuleta White,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI11563
Honorable David A. Canales, Judge Presiding

## O R D E R

On August 20, 2020, appellees filed a motion to amend the judgment to render judgment against the surety in this case. *See* TEX. R. APP. P. 43.5. The motion recites that appellants oppose the requested relief. Because we affirmed the trial court's judgment, the rendition of judgment against the surety on the appellants' supersedeas bond is a mandatory, ministerial duty that may be performed at any time, even after our plenary power has expired. *See* TEX. R. APP. P. 43.5, 19.3; *see also Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 260-61 (Tex. App.– Houston [1st Dist.] 2010, pet. dism'd) (noting that rendering judgement against the sureties is a ministerial act involving no judicial discretion and thus the court of appeals may amend its judgment after its plenary power expires to operate against the sureties on the supersedeas bond). Accordingly, the appellees' motion is GRANTED. An amended judgment holding the surety on appellants' Supersedeas Bond No. 3462398 liable for the performance of the judgment and for any costs taxed against appellants to the extent of the bond amount will be issued shortly, after which the mandate will be issued.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of September, 2020.



MICHAEL A. CRUZ, Clerk of Court