

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00372-CV

**EAGLE ROCK TIMBER, INC.**,
Appellant

v.

**ROCK HARD RENTAL, LLC** and Solid Rock Crushing, LLC,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 18992B
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: June 20, 2024

MOTION TO AMEND JUDGMENT GRANTED; AFFIRMED

On March 15, 2023, this court issued an opinion and judgment affirming the judgment of the trial court. On August 21, 2023, appellant filed a petition for review in the Supreme Court of Texas. On January 26, 2024, the Supreme Court of Texas denied appellant's petition for review. On April 8, 2024, this court issued its mandate. On April 15, 2024, appellees filed a motion to amend judgment. The motion recites that appellant obtained a supersedeas bond in the amount of $998,479.31 with U.S. Specialty Insurance Company, who serves as surety for purposes of the bond and is bound to pay appellees.

Upon review of the motion, this court determined the supersedeas bond was not included in the original appellate record. On April 17, 2024, at this court's request, the trial court clerk filed a supplemental record containing the supersedeas bond. Neither appellant nor U.S. Specialty Insurance Company filed a response to the motion. *See* TEX. R. APP. P. 10.3(a) (absent exceptions inapplicable here, "[a] court should not hear or determine a motion until 10 days after the motion was filed.").

Texas Rule of Appellate Procedure 43.5 requires courts of appeals affirming a judgment to render judgment against the sureties on an appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant. TEX. R. APP. P. 43.5. Because the record before this court did not then contain a copy of the supersedeas bond, our original judgment and mandate did not render judgment against the surety. However, this court's rendition of judgment against the surety remains a ministerial act involving no judicial discretion; therefore, we may amend our judgment after the expiration of our plenary power to operate against the surety. *See Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) ("Rendering judgment against the sureties after we affirm a judgment is a ministerial act involving no judicial discretion, and thus we may amend our judgment, after the expiration of our plenary power, to operate against the sureties on the supersedeas bond.").

We accordingly recall our mandate, *see* TEX. R. APP. P. 18.7, 19.3(a)–(b); grant the motion to amend judgment; and amend our judgment to additionally render judgment in favor of appellees against the surety up to but not in excess of the supersedeas bond amount of $998,479.31, *see Whitmire*, 333 S.W.3d at 261, TEX. R. APP. P. 43.5.

PER CURIAM