

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00443-CV

RAY BELL                                                                          APPELLANT

V.

RICK C. RAY                                                                        APPELLEE

----------

FROM THE COUNTY COURT OF YOUNG COUNTY
TRIAL COURT NO. CV04558

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ray Bell attempts to appeal from a judgment in a forcible entry and detainer suit. After finding that Bell breached his lease with Appellee Rick C. Ray, the trial court signed a judgment awarding Ray possession of the premises and awarding Ray money damages of less than $250.[2]

---

[1]See Tex. R. App. P. 47.4.

[2]This case was originally submitted without oral argument on September 18, 2013, before a panel consisting of Justice Gardner, Justice McCoy, and

Following perfection of this appeal, Bell vacated the property. The term of Bell's lease expired. Bell conceded in his appellant's brief that the issues related to possession are now moot because he vacated the property. Because the possession issues are moot and because the money judgment was less than $250, we notified Bell by letter dated June 25, 2014, of our concern that we lacked jurisdiction over his appeal and stated that his appeal could be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed a response on or before 5 p.m. on July 7, 2014, showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West Supp. 2013); Tex. Gov't Code Ann. § 22.220(a) (West Supp. 2013) (both stating that in civil cases, the judgment or amount in controversy must exceed $250, exclusive of interest and costs, in order for an appeal to be taken to the court of appeals). Bell filed a response conceding that we lacked jurisdiction over his appeal.[3] Accordingly, we dismiss the appeal as moot and we vacate the trial court's judgment. *See Marshall v. Hous. Auth. of San Antonio,* 198 S.W.3d 782, 785 (Tex. 2006) (requiring court of appeals to vacate judgment when dismissing as moot); *see also* Tex. R. App. P. 42.3(a),

Justice Meier. The court, on its own motion on June 10, 2014, ordered this case reset without oral argument on July 1, 2014; assigned this case to a new panel, consisting of Justice Walker, Justice McCoy, and Justice Meier; and assigned the undersigned to author the opinion.

[3]Ray, who appeared pro se in the trial court and is pro se on appeal, did not file an appellee brief in this appeal, nor did he file a response to our jurisdiction letter.

2

43.2(f); Tex. Civ. Prac. & Rem. Code Ann. § 51.012; Tex. Gov't Code Ann. § 22.220(a).

Also in our letter dated June 25, 2014, we notified Bell that to the extent his appellate brief sought disbursement of the supersedeas bond funds he had posted in the trial court, we would construe this request as a petition for writ of mandamus and rule on it in due course. *See, e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011) (construing appeal as petition for writ of mandamus); *In re Dorsett*, No. 02-05-00438-CV, 2006 WL 20392, at *1 (Tex. App.—Fort Worth Jan. 5, 2006, orig. proceeding) (mem. op., not designated for publication) (construing motion for new bond as a petition for writ of mandamus). We construe Bell's issues regarding the supersedeas bond funds as a petition for writ of mandamus in which he asks this court to order the trial court to release the supersedeas bond funds. *See* Tex. R. App. P. 24.2; Tex. Prop. Code Ann. § 24.007 (West Supp. 2013). We are of the opinion that relief should be denied. The supersedeas bond at issue secures Ray for any rental amounts accruing during the appeal, any property damage caused by Bell during the appeal, and any business revenue lost by Ray as a result of time spent handling the appeal. No evidence exists in the record before us as to the amounts, if any, of these damages; Bell vacated the property shortly after the appeal was perfected. The amount of the supersedeas bond funds to be disbursed to Ray, and the remaining amount—if any—to be disbursed to Legal Aid of Northwest Texas, must be determined in the trial court, not in this court, "by proof of facts

3

transpiring after judgment." *See Whitmire v. Greenridge Place Apartments*, 333

S.W.3d 255, 263 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (citing *State*

*v. Watts*, 197 S.W.2d 197, 199 (Tex. Civ. App.—Austin 1946, writ ref'd)); *see*

*also 2200 W. Ala., Inc. v. Doc's Delight, L.L.C*., No. 01-10-00364-CV, 2011 WL

2436288, at *2–4 (Tex. App.—Houston [14th Dist.] June 16, 2011, no pet.) (mem.

op., not designated for publication) (involving trial court order releasing cash

deposit after appellate court dismissed for want of prosecution appeal from

judgment awarding possession of premises).[4]

Accordingly, we deny Bell's petition for writ of mandamus.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  July 17, 2014

---

[4]The trial court must conduct an evidentiary hearing with both parties present to determine who is entitled to disbursement of the funds.  Ray will have the opportunity, as well as the burden of proof, to establish the amounts—if any—for monthly rent, potential damage Bell caused the physical property, and revenue lost by Ray in his private business as a result of dealing with the appeal—that accrued after the trial court signed the July 30, 2012 judgment through the date that Bell vacated the rental property.  The trial court may then order the disbursement of the supersedeas bond funds to Ray in accordance with any amounts established by Ray and may order disbursement of any remainder to Legal Aid of Northwest Texas.  *See 2200 W. Ala., Inc.*, 2011 WL 2436288, at *2–3.